**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

OSCAR PORTO-LEBRON,

     Plaintiff,

vs.


PETER'S PLUMBING, INC.,
a Florida Profit Corporation,

     Defendant(s).

_____/

## COMPLAINT

Plaintiff OSCAR PORTO-LEBRON, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant PETER'S PLUMBING, INC., a Florida Profit Corporation (hereinafter, "Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages and other relief for unpaid wages and unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5.  Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a plumber. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6.  Defendant is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has its principal place of business in Miami, Florida. Defendant had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7.  Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8.  Specifically, Defendant is a corporation that provides residential and small business plumbing services throughout South Florida. Upon information and belief Defendant provides drain and sewer services, as well as installation and repair of pipes, toilets, and water systems services and remodels using materials such as pipes, toilets, water heaters, that are shipped across state lines.

9.  Furthermore, Defendant's employees regularly use the internet and phones to communicate to companies outside of Florida to utilize their services for marketing and advertising efforts.

10. At all times material to this Complaint, Defendant, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been

moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendant that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce to order parts needed for particular jobs.

12. Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks.

16. Plaintiff worked for Defendants from December 2, 2021, through December 13, 2021, as a plumber. His primary duties were meeting with customers at the site, diagnosing the problem, pricing the job based on the company process, order any necessary parts, and perform the services required.

17. Defendants agreed to compensate Plaintiff by paying 20% of the revenue attributable to the labor he performed on a weekly basis.

18. During the course of his employment, Defendant customarily made improper deductions from Plaintiff's paycheck for materials, tools, and gas, on a weekly basis. After these improper deductions, Plaintiff's compensation often fell below the minimum wage.

19. A review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that Plaintiff should have received a commission ranging between $200.00 and $500.00 per week.

20. Plaintiff regularly worked between 50–60 hours per workweek. He was normally scheduled five days a week.

21. Accordingly, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

22. Plaintiff estimates that he is owed at least Nine Hundred and Sixty Dollars $1,200.00 ($10/hour x 60 x 2 weeks) in unpaid minimum wages.

23. Furthermore, at all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

24. Defendant and its representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

26. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

### COUNT I
### VIOLATION OF FLSA/MINIMUM WAGES

28. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

29. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207.

30. At all times during his employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

31. Throughout Plaintiff's employment, Defendant violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

32. Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period.

33. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the timely payment of a minimum hourly wage when due.

34. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

37. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

38. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/OVERTIME**

39. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 and as if fully set forth herein.

40. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

41. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

42. Specifically, throughout his employment Plaintiff regularly worked between 50-60 hours during each workweek in which he was employed.

43. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

44. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

45. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

46. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire.

47. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

48. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

49. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstance.

## JURY DEMAND

Plaintiff OSCAR PORTO-LEBRON demands trial by jury of all issues triable as of right by jury.

Dated: March 29, 2022

Respectfully submitted,

/s/ Nathaly Saavedra, Esq.
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA  THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200