UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20941-CIV-WILLIAMS/MCALILEY

OSCAR PORTO-LEBRON,

    Plaintiff,

vs.

PETER'S PLUMBING, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON AMENDED
MOTION FOR DEFAULT FINAL JUDGMENT**

Pending before the Court is Plaintiff's Amended Motion for Default Judgment, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 16, 17). Defendant did not file a response to the Amended Motion, and the deadline to do so has passed. For the reasons explained below, I recommend that the Court grant the motion in part.

**I.    Background**

This is an action under the Fair Labor Standards Act ("FLSA") to recover minimum wages and overtime compensation. (ECF No. 1). Plaintiff alleges that he worked for Defendant, Peter's Plumbing Inc., as a plumber from December 2, 2021, through December 13, 2021. (ECF No. 1 at ¶ 16). Defendant provides residential and small business plumbing services throughout South Florida. (*Id.* at ¶ 8). Plaintiff contends that he regularly worked

between 50-60 hours per workweek, but Defendant failed to pay him minimum wages and overtime compensation as required under the FLSA. (*Id*. at ¶¶ 20-23).

On March 30, 2022, Plaintiff properly served Defendant through its manager, in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(h)(1)(B).[1] Defendant has not filed any response to the Complaint, and the Clerk subsequently entered a default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 8).

Plaintiff now moves for entry of a default judgment against Defendant for $6,707.52, which is comprised of $1,140.00 in unpaid minimum and overtime wages and liquidated damages, as well as $5,053.00 in attorney's fees and $514.52 in costs. To support his request, Plaintiff submitted a sworn statement, (ECF No. 16-1), and his attorney submitted a copy of her billing records and documentation of the costs incurred, (ECF Nos. 16-2, 16-3).

## II.    Analysis

### A.    Standard

A court may enter a default judgment against a defendant who has failed to plead or otherwise defend against the lawsuit. *See* Fed. R. Civ. P. 55(b)(2). Before it may do so, the Court must determine that there is "a sufficient basis in the pleadings for the judgment

---

[1] The return of service states that the process server left the Summons, Civil Cover Sheet and Complaint on the door of Defendant's principal place of business after speaking with a woman who identified herself as the manager of the business but refused to open the door. (ECF No. 5). The process server read the contents of the papers out loud before placing them on the door. *Id*. This is proper service. *See Kennedy v. Grova*, No. 11-61354-CIV, 2012 WL 1368139, at *2-3 (S.D. Fla. April 19, 2012) (denying motion to quash service of process).

entered," which finding is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation marks and citation omitted). When a defendant defaults, it admits as true all well-pleaded factual allegations in the complaint. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

**B. FLSA**

"To establish a claim for unpaid wages under the FLSA, a plaintiff must show (1) that an employment relationship existed with the Defendant, (2) that the parties are covered by the FLSA, and (3) that some work was performed for which the plaintiff was not properly compensated, providing the amount of such liability at least by a just and reasonable inference." *Vasquez v. Moving Dudes LLC*, No. 19-CV-60663, 2020 WL 419385, at *2 (S.D. Fla. Jan. 27, 2020) (citation omitted). A plaintiff who seeks overtime compensation must also show that "(1) he or she worked overtime without compensation and (2) the [defendant] knew or should have known of the overtime work." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007).

The Court has carefully reviewed the Complaint and Plaintiff's sworn statement, and concludes that Plaintiff has satisfied these elements. Plaintiff alleges that he was employed by Defendant as a non-exempt employee, and that Defendant is an employer within the meaning of the FLSA. (ECF No. 1 at ¶¶ 7, 15). The Complaint sets forth sufficient facts, which are deemed admitted by virtue of Defendant's default, which establish that the parties are covered by the FLSA under either enterprise coverage or individual coverage. (*Id.* at ¶¶ 7-12); *Polycarpe v. E&S Landscaping Service, Inc.*, 616

F.3d 1217, 1220 (11th Cir. 2010) ("An employer falls under the enterprise coverage section of the FLSA if it 1) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and 2) has at least $500,000 of annual gross volume of sales made or business done."); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) ("For individual coverage to apply under FLSA, [plaintiff] must have provided evidence at trial that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce.").

Plaintiff further alleges that he performed work for Defendant for which he did not receive minimum wages, and that Defendant knew Plaintiff was working overtime but failed to pay him overtime compensation. (ECF No. 1 at ¶¶ 16, 18, 20-22, 24). Plaintiff provided an estimate of the amounts owed in his sworn statement, explaining that he worked approximately eight to ten hours of overtime during his first week of employment. (ECF No. 16-1 at ¶ 10). Plaintiff relies upon the upper end of that range in his Motion, stating that he worked "at least 50 hours" his first week,[2] (ECF No. 16 at ¶ 7), which totals $50.00 in unpaid overtime compensation.[3]

With respect to his second week of employment, Plaintiff received no compensation because Defendant "issued a paystub…but canceled [it]…." (*Id*. at ¶ 6). Plaintiff avers that

---

[2] Defendant issued payment to its employees weekly, on every Friday. (ECF No. 16-1 at ¶ 4).

[3] Plaintiff does not seek unpaid minimum wages for his first week of employment. (ECF No. 16 at 6-7). He therefore calculates his unpaid overtime compensation for that week using 0.5% instead of 1.5%. (*See Id*. at 7; ECF No. 16-1 at ¶ 11). Accordingly, 0.5 x $10.00 minimum wage x 10 hours = $50.00.

4

he worked "at least forty-eight (48) hours" that week. (*Id*. at ¶¶ 5, 7). Thus, using Florida's minimum wage of $10.00 per hour, Plaintiff estimates that he is owed $480.00 in minimum wages[4] and $40.00 in overtime compensation[5] for his second week of employment. (ECF No. 16 at 6-7).

For the foregoing reasons, the Court concludes that there is a sufficient basis in the pleading to hold Defendant liable under the FLSA for failing to pay Plaintiff **$570.00** in minimum wages and overtime compensation.

Plaintiff also seeks to hold Defendant liable for liquidated damages. An employer who violates the FLSA is liable to the employee affected in the amount of his unpaid wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The Eleventh Circuit instructs that "liquidated damages are mandatory absent a showing of good faith." *P&K Restaurant Enter., LLC v. Jackson*, 758 F. App'x 844, 849 (11th Cir. 2019) (citation omitted). "An employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Id*. (citation omitted). Defendant has made no such showing here, and the Court therefore concludes that Defendant is liable to Plaintiff for liquidated damages in the amount of **$570.00**.

---

[4] $10.00 minimum wage x 48 hours = $480.00
[5] 0.5 x $10.00 minimum wage x 8 hours= $40.00

## C. Attorney's Fees

The FLSA authorizes a prevailing plaintiff to recover the amount of his reasonable attorney's fees and costs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 427, 432-33 (11th Cir. 1999)). "The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citation omitted).

The reasonable hourly rate is determined by "[t]he prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). The relevant market is where the case is filed. *ACLU*, 168 F.3d at 427 (citation omitted).

Plaintiff requests an hourly rate of $310.00 for his attorney, Nathaly Saavedra, Esq. (ECF No. 16 at 9). Plaintiff states that Ms. Saavedra "has been a labor and employment attorney for over six years" and "has been approved for an hourly rate of $310.00." (*Id.*). Plaintiff does not provide a copy of Ms. Saavedra's curriculum vitae, nor does he cite the

6

case(s) in which Ms. Saavedra's hourly rate was approved so that this Court can evaluate their applicability. The Eleventh Circuit has repeatedly recognized that the district court "is itself an expert on the question [of reasonable hourly rates in the local market] …and may form an independent judgment either with or without the aid of witnesses as to value." *Maner v. Linkan LLC*, 602 Fed. App'x 489, 493 (11th Cir. 2015) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Based upon the scant record regarding Ms. Saavedra's experience, the straightforward nature of this action, and the Court's own knowledge of the hourly rates awarded for similar work in this district, the Court concludes an hourly rate of $310.00 is excessive and recommends that Plaintiff's counsel be compensated at an hourly rate of $250.00. *See Phiffer v. Greenstar Landscaping, Co.*, No. 21-22391-Civ, 2021 WL 6424630, at *2 (S.D. Fla. Dec. 15, 2021), *report and recommendation adopted*, 2022 WL 104265, at *1 (S.D. Fla. Jan. 11, 2022)) (awarding hourly rate of $250.00 in FLSA action for attorney with six years' experience); *Garcia v. Pajeoly Corp.*, No. 18-cv-764127, 2020 WL 764127, at *4 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 764035, at *1 (S.D. Fla. Jan. 31, 2020)); (awarding hourly rate of $250.00 for attorneys with four to six years of FLSA experience).

Ms. Saavedra's billing records reflect that she devoted 16.30 hours to this litigation. (ECF No. 16-2). I have carefully reviewed these documents and find that a reduction of

7

3.20 hours is warranted because certain entries reflect non-compensable clerical tasks,[6] or the amount of time expended was excessive.[7] *See Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (reasonable attorneys' fees do not include "excessive, redundant, or otherwise unnecessary" hours); *Walker v. Iron Sushi LLC*, No. 0:17-cv-61472, 2018 WL 10140151, at *3 (S.D. Fla. Feb. 7, 2018) ("[T]he billing file contains several instances where it appears the attorneys performed clerical work on the file, which cannot be included in any fee award."). Accordingly, I recommend that the Court award reasonable attorneys' fees totaling **$3,275.00**.[8]

### D.   Costs

Finally, Plaintiff seeks costs totaling $514.52, which is comprised of the court filing fee, service of process fees and postage. (ECF No. 16-3). Title 28 U.S.C. § 1920 sets forth the types of charges that may be taxed as costs. The $402.00 filing fee that Plaintiff paid to the clerk is taxable under § 1920 and Plaintiff is entitled to recover it. 28. U.S.C. § 1920(1);

---

[6] These tasks are for filing or mailing various documents, which comprised 2.2 hours. (*See* ECF No. 16-2 at entries dated March 29, 2022, April 11, 2022, May 2, 2022, June 3, 2022, June 20, 2022, June 21, 2022, and August 15, 2022).

[7] In particular, on April 29, 2022, Plaintiff's counsel billed 0.50 hours for drafting a Motion for Clerk's Default that consisted of three simple sentences, (ECF 16-2 at 1); 0.2 hours is reasonable for this task, resulting in a 0.30 hour reduction. Plaintiff's counsel also billed 0.40 hours on May 2, 2022, for "receiv[ing] Clerk's Default," (*Id.*); a charge of 0.10 hours is reasonable for this task, resulting in a 0.30 hour reduction. Further, on May 3, 2022, Plaintiff's counsel billed 0.40 hours for "receiv[ing], review[ing] and calendar[ing] deadlines re: Court's Order re: Default," (*id.*); 0.10 hours is reasonable for this task, resulting in a 0.30 hour reduction. Finally, on June 21, 2022, Plaintiff's counsel spent 0.20 hours for "[r]eceiv[ing] order re: Referral case to Magistrate," (*id.* at 2); 0.10 hours is reasonable for this task, resulting in a 0.10 hour reduction.

[8] 13.10 hours x $250.00 = $3,275.00.

*Ramos v. Arba Constr.*, No. 20-25192-CIV, 2021 WL 4482659, at *3 (S.D. Fla. Aug. 25, 2021) (citation omitted), *report and recommendation adopted*, 2021 WL 4480169 (S.D. Fla. Sept. 30, 2021).

Costs for service of process are also included under § 1920. Private process servers' fees, however, may not exceed the cost of having the U.S. Marshal's Service effectuate service. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000)). At the time service of process occurred, the U.S. Marshals charged $65.00 per hour for each item served. The process server's affidavit reflects that he first attempted service at an address believed to belong to Defendant's registered agent but was unsuccessful, and therefore served Defendant at its place of business. (ECF No. 5). Given that the process server was required to travel to two different addresses through no fault of Plaintiff, the record supports Plaintiff's request for $110.00 in process server fees.

However, Plaintiff also seeks to recover the cost of postage, which totals $2.52. (ECF No. 16-3). Postage is not identified as a taxable cost under section 1920 and, therefore, is not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (postage unrecoverable under § 1920).

For the foregoing reasons, I recommend that the Court award costs in the amount of **$512.00**.

### III.   Conclusion

In light of the above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT IN PART** Plaintiff's Amended Motion for Default Judgment, (ECF No. 16), and

enter final judgment in favor of Plaintiff and against Defendant in the amount of **$4,927.00**, which represents $1,140.00 in unpaid wages, overtime and liquidated damages, $3,275.00 in reasonable attorney's fees, and $512.00 in costs.

### IV. Objections

**No later than 14 days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 18th day of October 2022.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of record

    Peter's Pluming, Inc.
    10650 SW 186th Street
    Miami, Florida 33157